**Tony COLIDA, Plaintiff–Appellant,**

v.

**ERICSSON, INC., Defendant–Appellee.**

No. 03–1599.

United States Court of Appeals, Federal Circuit.

March 2, 2004.

David E. Bennett, Principal Attorney, Coats & Bennett, Raleigh, NC, Anthony J.

Biller, Of Counsel Attorney, Coats & Bennett, Cary, NC, for Defendant–Appellee.

Tony Colida, Of Counsel Attorney, for Plaintiff–Appellant.

Before MICHEL, BRYSON and PROST, Circuit Judges.

PER CURIAM.

Tony Colida appeals from the order of the United States District Court for the Eastern District of North Carolina granting the motion of Ericsson, Inc. for summary judgment of non-infringement. *Colida v. Ericsson, Inc.,* No. 5:02–CV–640–W (E.D.N.C. July 30, 2003). By consent of the parties, the complaint was adjudicated by a magistrate judge. The magistrate judge correctly held there was no genuine issue of material fact on infringement. We therefore *affirm.*

Ericsson moves for sanctions under Fed. R.App. P. 38 alleging Colida has failed to provide a meritorious, or even arguable, basis for his appeal. Colida did not respond to the motion. Colida has never before appealed a district court decision related to the specific design patent at issue here. We deny the motion for sanctions.

## BACKGROUND

Colida owns United States Design Patent No. 318,050 ("the '050 patent"), issued on July 9, 1991, for the design of a "Cellular Portable Telephone." Colida claims that Ericsson is infringing the '050 patent by marketing a portable handset telephone known as the "KF–788." Colida, proceeding pro se, filed suit against Ericsson for patent infringement on October 1, 2002. Ericsson moved for summary judgment of non-infringement, and the magistrate judge granted the motion.

The substance of Colida's argument on appeal amounts to only three short an-

swers to questions on our form for filing an informal brief:

Question: Did the trial court incorrectly decide or fail to take into account any facts?

Answer: Yes

Question: If so, what facts?

Answer: Application of the law to the facts to determine whether the U.S. design patents infringe.

Question: What action do you want the court to take in this case?

Answer: Reverse the original judgment.

## DISCUSSION

■ We review a trial court's grant of summary judgment de novo. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.,* 853 F.2d 1557, 1561 (Fed.Cir.1988). Thus, drawing all inferences in favor of the nonmoving party, we must decide whether the evidence presents a genuine conflict on material issues. *Id.* at 1560–61. "In reviewing a district court's grant of summary judgment in a patent case, this court must review the record, to the extent presented to us by the parties, and essentially determine for itself whether the evidence is genuinely conflicting on material issues of fact and, if not, whether the movant is entitled to judgment on those facts." *Id.*

Determining whether a design patent is infringed requires a two step inquiry: (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product. *Contessa Food Prods. v. Conagra, Inc.,* 282 F.3d 1370, 1376 (Fed. Cir.2002). The second step, comparison to the accused product, includes two distinct tests, both of which must be satisfied in order to find infringement: (a) the "ordinary observer" test, and (b) the "point of novelty" test. *Id.* at 1377. The ordinary observer test is articulated in *Gorham*

*Mfg. Co. v. White,* 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871):

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Contessa Food Products,* 282 F.3d at 1377 (*quoting Gorham,* 81 U.S. at 528). The point of novelty test "requires proof that the accused design appropriates the novelty which distinguishes the patented design from the prior art." *Id.*

The magistrate judge construed the claim according to the drawings in the '050 patent. Before the magistrate judge, Colida asserted that "the general arrangement of the keypad flip, display, and ear well ... constitute a substantial portion of the design" and the "distinctive design" includes the phone's "overall size and appearance." The magistrate judge excluded the flip, keypad and display screen arrangements as functional elements and concluded that, of the features Colida mentioned, only the overall appearance of the phone qualified as an ornamental design. The magistrate judge concluded that the scope of the '050 patent is "limited to the pronounced curvatures of the antenna, the phone body, and the battery pack, which together create an 'overall ornamental visual impression' of a consistently curved profile extending from the rounded tip of the antenna, through the phone body, and to the bottom of the open flip." Slip op. at 8. We generally agree with the magistrate judge's construction of the claim.

The magistrate judge applied the "ordinary observer" test in its comparison of the construed '050 patent claim and the KF–788 and concluded a reasonable juror could not find in Colida's favor. For ex-

ample, examining the KF–788 in combination with each of the four battery packs designed for it, the magistrate judge noted the KF–788 has a generally rectilinear form regardless of the battery pack attached. This contrasts with the consistently pronounced curved profile of the '050 patent design. Additionally, the magistrate judge noted the KF–788 has a short, stubby, straight antenna attached to the right side of the top of the phone body. The antenna on the '050 patent design is thin, long, attached to the left side and curved like the body with a ball on top. Given these differences and many others identified by the magistrate judge, we are satisfied no issue of material fact existed as to whether Colida satisfied the ordinary observer test.

The magistrate judge separately applied the point of novelty test. The magistrate judge concluded Colida failed to point out any specific novel feature shared by the two designs, and the '050 patent and the KF–788 do not share *any* novel ornamental features. We agree. In his brief to us, Colida again fails to indicate which, if any, specific point of novelty in the '050 patent design is shared by the KF–788. The magistrate judge found that '050 patent design's pronounced and consistent curvilinear form constituted the predominant ornamental feature and the KF–788 was generally rectilinear in form. The magistrate judge noted that other features of the '050 patent design Colida describes as ornamental are either shaped differently or present in different quantities, such as the number of side buttons, than comparable features in the KF–788. We have ourselves compared the drawings of the patent with the photographs of the accused phone as well as reviewed each difference as explained in the opinion below. We are satisfied no reasonable juror could have concluded that Colida satisfied the point of novelty test or even raised a genuine issue with respect thereto.

Both the ordinary observer test and the point of novelty test must be satisfied in order to succeed on a claim of infringement of a design patent. Colida, we hold, presents no evidence establishing a genuine issue of fact as to whether either test is satisfied. Therefore, the magistrate judge properly granted Ericsson's motion for summary judgment of non-infringement.

## SANCTIONS

█ Claim construction is an issue of law reviewed de novo, and until this court has reviewed a given trial court claim construction, an appeal from a trial court judgment on infringement will rarely be frivolous. We have not previously construed the '050 patent asserted by this pro se plaintiff-patentee. Although we have affirmed non-infringement of another Colida design patent, the accused devices were also different. Finally, Ericsson did not set forth with specificity why the appeal is frivolous, either as argued or as filed, except to the extent the red brief explicates the many reasons infringement could not be found as a matter of law. We therefore deny Ericsson's motion for sanctions in the exercise of our discretion. Even assuming the appeal is frivolous, as it well may be, we nevertheless decline to award damages. However, now that the scope of the '050 patent claim has been conclusively determined by us, further appeals from judgments of non-infringement regarding accused infringing devices as different in appearance from the '050 design as the KF–788 or lacking appropriation, as does the KF–788, of points of novelty in comparison with prior art designs run the risk of provoking an award of money sanctions under Fed. R.App. P. 38 against Colida.